IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LESLIE WEISE, et al.,

    Plaintiffs,

        v.                                                            Case No. 07-cv-01157

GREGORY J. JENKINS,

    Defendant.

## DEFENDANT'S MOTION TO DISMISS OR
## IN THE ALTERNATIVE TO STAY

Defendant Gregory Jenkins hereby moves to dismiss the Plaintiffs' Complaint because it violates the D.C. Circuit's rule of federal court comity. The Plaintiffs have already filed a lawsuit in the District of Colorado that challenges the exact same conduct that is at issue in this lawsuit. Because both suits involve the same parties, issues and subject matter, the rule of federal court comity requires that the present action be dismissed.[1]

Defendant Jenkins moves in the alternative to stay the present action until such time as the Plaintiffs dismiss the claims pending against him in the District of Colorado and the Tenth Circuit issues a ruling in a substantially similar case. A stay would be appropriate to permit the Plaintiffs to dismiss the claims against Defendant Jenkins in the District of Colorado lawsuit so that this action may proceed. Should the Plaintiffs dismiss those claims, this action should be further stayed until the Tenth Circuit issues a ruling in two appeals involving the same operative

---

[1] This action initially included claims by Jeffrey Rank and Nicole Rank against the Defendant, but the Ranks voluntarily dismissed those claims with prejudice on August 28, 2007. *See* Dkt. No. 9.

facts.  The Plaintiffs previously filed an unopposed motion to stay the Colorado suit until after

the Tenth Circuit issues a ruling in the appeals.  The present action should likewise be stayed.[2]

## FACTUAL BACKGROUND

The Plaintiffs filed a lawsuit against the Defendant in the District of Colorado on March

15, 2007.  *See Weise, et al. v. Jenkins, et al.*, No. 07-cv-515 (D. Colo.) (copy attached as Exhibit

1) (hereinafter "the Colorado suit").  The Plaintiffs' complaint in the Colorado suit alleges that

they were removed from a presidential appearance in Colorado based on a viewpoint expressed

by the Plaintiffs in a bumper sticker on their car.  *See* Ex. 1 at ¶¶ 10-11, 16-17, 24-29, 34.  These

same allegations concerning the Plaintiffs' removal from the presidential appearance are also

made in the complaint filed with this Court.[3]  *See* Compl. ¶¶ 23-24, 26, 31-34, 36.  In both the

Colorado suit and the present one, the Plaintiffs allege that they were removed pursuant to a

policy of prohibiting persons with viewpoints different from the President from attending

presidential events.  *Compare* Ex. 1 ¶¶ 29, 35-37, 42 *with* Compl. ¶¶ 39, 41, 44.  The Plaintiffs

also allege in both suits that Defendant Jenkins "established" or "adopted" the challenged policy

and that the policy was enforced throughout the country.  *Compare* Ex. 1 ¶¶ 27, 36 *with* Compl.

---

[2] Pursuant to "the inherent power of a court to regulate actions pending before it," a party may file a pre-answer motion to dismiss or stay an action because a similar action is pending in a different court.  5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1360, at 77, 86-87 (3d ed. 2004).

[3] Many of the allegations in the two complaints are verbatim.  *Compare* Ex. 1 ¶¶ 10-11, 14-17, 19-26, 28, 30-31 and 34 *with* Compl. ¶¶ 23-33 and 34-36.  These allegations are also the subject of the lawsuit *Weise, et al. v. Casper, et al.*, No. 05-cv-2355 (D. Colo.) (copy attached as Exhibit 2).  The defendants in that action, who are the two individuals who directly interacted with the Plaintiffs at the presidential event, have appealed the district court's denial of their qualified immunity assertions.  Those appeals are pending before the Tenth Circuit under numbers 06-1504 and 06-1516 (hereinafter "the Casper appeal").  The parties have submitted briefs and oral argument is set for October 4, 2007.

¶¶ 40-41.  Finally, the Plaintiffs allege in both suits that the Defendant's conduct violated the First Amendment and that they are entitled to damages from the Defendant.[4]  *Compare* Ex. 1 ¶ 42 *with* Compl. ¶ 48.  Indeed, the Plaintiffs readily admit that the Colorado suit and the present one are substantially similar, as evidenced by the related case notice the Plaintiffs filed with the Court pursuant to Local Civil Rule 40.5.  *See* Dkt. No. 2.  The notice indicates that the Colorado suit "involves common issues of fact" and "grows out of the same event or transaction" as the suit filed in this Court.  *See id.*

The only distinction between the two lawsuits is the presence of two additional defendants in the Colorado suit.  Plaintiffs allege that those defendants "made the decision to eject the plaintiffs" from the presidential event pursuant to the alleged policy "established" by Defendant Jenkins.  *See* Ex. 1 ¶ 36.  Other than this non-material distinction, the two suits are the same.  They both challenge a purported policy of prohibiting persons from attending presidential events based on their viewpoint and they both seek damages from Defendant Jenkins for adopting this policy and causing it to be enforced.[5]

## ARGUMENT

### I.     THE D.C. CIRCUIT'S RULE OF FEDERAL COURT COMITY REQUIRES DISMISSAL OF THE PRESENT ACTION

The D.C. Circuit has long recognized a rule of federal court comity that prohibits a party

---

[4] In the present suit, the Plaintiffs also seek a declaration that the Defendant's conduct violated the First Amendment.  *See* Compl. ¶ A.

[5] As explained in Section II *infra*, the Defendant has not yet responded to the Colorado suit as that action has been consolidated with the district court proceeding that is now before the Tenth Circuit in the Casper appeal and the parties have agreed that a response is not due until after the Tenth Circuit issues a ruling.

from proceeding with an action in this district when the party has pending in another district an action against the same defendant for the same conduct. *See Northwest Forest Res. Council v. Dombeck*, 107 F.3d 897, 901 (D.C. Cir. 1997); *Washington Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 831 (D.C. Cir. 1980); *Food Fair Stores, Inc. v. Square Deal Mkt.*, *Co.*, 187 F.2d 219, 220 (D.C. Cir. 1951). "Considerations of comity and orderly administration of justice dictate that two courts of equal authority should not hear the same case simultaneously." *Ragonese*, 617 F.2d at 830 (citing *Hilton Hotels Corp. v. Weaver*, 325 F.2d 1010, 1010 (D.C. Cir. 1963). Thus, "the rule in this circuit has been that 'where two cases between the same parties on the same cause of action are commenced in two different Federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first.'" *Ragonese*, 617 F.2d at 830 (quoting *Speed Products Co. v. Tinnerman Products*, 171 F.2d 727, 729 (D.C. Cir. 1948)). *See also Dombeck*, 107 F.3d at 901 ("[W]e have sometimes held that comity may warrant dismissal of an action where there is a *case pending* in another jurisdiction involving the same parties, issues, and subject matter.") (emphasis in original). *Cf. Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960) (observing, in the context of addressing venue, that "a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money").

The current situation falls squarely within this Circuit's rule of federal court comity. Four months before the Plaintiffs filed the present lawsuit, they filed the Colorado suit. In both suits, the Plaintiffs allege that they were removed from a presidential event in Colorado pursuant to a policy adopted by the Defendant that allegedly violated the First Amendment. And in both suits, the Plaintiffs are attempting to hold the Defendant personally liable for adopting this purported

-4-

policy. Without doubt, both suits involve "the same parties, issues, and subject matter." *Dombeck*, 107 F.3d at 901. Thus, under the rule of federal court comity recognized in this Circuit, the lawsuit the Plaintiffs have filed in this Court must be dismissed. *See Dombeck*, 107 F.3d at 901 ("comity may warrant dismissal of an action"); *Ragonese*, 617 F.2d at 831 (affirming district court's dismissal of second action filed in D.C.).

## II.     AS AN ALTERNATIVE TO DISMISSAL, THIS ACTION SHOULD BE STAYED UNTIL PLAINTIFFS DISMISS THEIR CLAIMS AGAINST DEFENDANT JENKINS IN THE COLORADO SUIT AND THE TENTH CIRCUIT ISSUES A RULING IN THE CASPER APPEAL

The Plaintiffs' lawsuit would not violate the D.C. Circuit's rule of federal court comity should they chose to dismiss the claims against the Defendant now pending in the Colorado suit. Thus, as an alternative to dismissal, this action could be stayed in order to permit the Plaintiffs to dismiss their claims against the Defendant in that proceeding. Of course, should the Plaintiffs refuse to dismiss those claims promptly then the Court should dismiss this action.

Assuming the Plaintiffs dismiss the claims pending in the Colorado suit, this action should be stayed until such time as the Tenth Circuit issues a ruling in the Casper appeal. "A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." *IBT/HERE Employee Representatives' Council v. Gate Gourmet Div. Americas*, 402 F. Supp. 2d 289, 292 (D.D.C. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This discretion "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis*, 299 U.S. at 254. A trial court therefore may properly find that "'it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'"

*IBT/HERE Employee Represenratives' Council*, 402 F. Supp. 2d at 292 (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)). The rule "does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Levya*, 593 F.2d at 863-64.[6]

In May of this year the Plaintiffs, after consulting with the defendants in the Colorado suit, filed an unopposed motion to stay the Colorado suit until thirty days after the Tenth Circuit Court of Appeals issues a ruling in the Casper appeal. The unopposed motion requested "an order staying all proceedings until after the decision of the Court of Appeals in a related case involving the same plaintiffs and arising out of the same facts and same causes of action." Unopposed Mot. to Stay Proceedings Until Action by the Court of Appeals at 1 (attached as Exhibit 3). Just prior to filing this motion, the Plaintiffs moved to consolidate the Colorado suit with the district court proceeding underlying the Casper appeal. *See* Mot. to Consolidate or Transfer (attached as Exhibit 4). The Plaintiffs' motion to consolidate stated that as between the Colorado suit and the claims at issue in the Casper appeal, "[n]ot only are the facts identical, but the applicable law is as well." Mot. to Consolidate or Transfer at 3. The district judge granted the motion to consolidate. *See* Order dated May 25, 2007 (copy attached as Exhibit 5). When the district judge granted that motion, he also ruled that the consolidation of the two cases made the unopposed motion to stay moot. *See id.* The parties have agreed that the defendants in the

---

[6] The Supreme Court in *Landis* declined to adopt a specific standard to guide a district court in determining whether to grant a stay motion, *see* 299 U.S. at 254-55, although it did state that where "there is even a fair possibility that the stay for which [the movant] prays will work damage to some one else," the movant "must make a clear case of hardship or inequity in being required to go forward." *Id.* at 255. In this present matter, there is no possibility that a stay "will work damage to some one else."

Colorado suit will file responses to the complaint thirty days after the decision by the Tenth Circuit in the Casper appeal. The Defendant, therefore, has not answered or otherwise filed a response to the claims against him in the Colorado suit.

The present action against the Defendant is substantially the same as the Colorado suit, *see supra* at 2-3, and the Plaintiffs have asserted that the Colorado suit involves facts and law that are "identical" to the claims at issue in the Casper appeal. Accordingly, should the Court decide to stay this proceeding to permit the Plaintiffs to dismiss the claims against Defendant Jenkins in the Colorado suit, it would be appropriate to stay this action until thirty days after the Tenth Circuit issues a ruling in the Casper appeal. Such an order would achieve the result sought in the unopposed motion to stay filed in the Colorado suit and would mirror the parties' current agreement as to when a response is due in that suit.

## CONCLUSION

For the foregoing reasons, Defendant Jenkins respectfully requests that this Court dismiss the Plaintiffs' complaint or in the alternative stay this proceeding pending a ruling by the Tenth Circuit in the Casper appeal.

Dated: September 4, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

C. FREDERICK BECKNER III
Deputy Assistant Attorney General

TIMOTHY P. GARREN
Director
Torts Branch, Civil Division


_____/s/_____
J. MARCUS MEEKS (D.C. Bar No. 472072)
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Torts Branch, Civil Division
P. O. Box 7146
Ben Franklin Station
Washington, D.C. 20044
(202) 616-4176 (voice)
(202) 616-4314 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2007, I caused a copy of the foregoing **Defendant's Motion to Dismiss or in the Alternative to Stay** and exhibits thereto to be served upon counsel of record via ECF as follows:

Christopher A. Hansen
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, NY 10004
chansen@aclu.org

Arthur B. Spitzer
American Civil Liberties Union
1400 20th Street, NW, Suite 119
Washington, DC 20036
ArtSpitzer@aol.com


_____/s/_____
J. Marcus Meeks

*Weise, et al. v. Jenkins*
No. 07-cv-01157

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.


LESLIE WEISE,
ALEX YOUNG,

     Plaintiffs,

v.

GREG JENKINS, in his individual capacity;
STEVEN A. ATKISS, in his individual capacity;
JAMES A. O'KEEFE, in his individual capacity;
JOHN/JANE DOES 1-2, both in their individual capacities,

     Defendants.

---

## COMPLAINT AND JURY DEMAND

---

     Leslie Weise and Alex Young, by and through their attorneys, Christopher A. Hansen, Catherine Crump, Mark Silverstein, Martha M. Tierney, and Jerremy M. Ramp, respectfully make the following allegations.  This case is related to civil action no. 05-CV-02355-WYD-CBS.

## I.    INTRODUCTION

    1.    This is a case arising from the March 21, 2005 appearance by President George W. Bush at the Wings Over the Rockies Air and Space Museum in Denver, Colorado.  Although this event was an official Presidential visit, open to the public, and although plaintiffs had authorized tickets to the event, plaintiffs were ejected from the

audience solely because of defendants' perception that plaintiffs' viewpoint on public issues would differ from the President's viewpoint. Defendants' actions violated plaintiffs' First and Fourth Amendment rights.

## II.    JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1346. This action is authorized and instituted pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

3.      The practices alleged herein to be unlawful were committed within the jurisdiction of the United States District Court of Colorado. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.    PARTIES

4.      Plaintiff Leslie Weise is a citizen of the United States and was at all relevant times a resident of and domiciled in the State of Colorado.

5.      Plaintiff Alex Young is a citizen of the United States and was at all relevant times a resident of and domiciled in the State of Colorado.

6.      Defendant Greg Jenkins is a citizen of the United States whose office was located at all relevant times in the District of Columbia. At all relevant times, defendant Jenkins was employed by the United States Government as Director of the White House Office of Advance. Defendant Jenkins is sued in his individual capacity.

7.      Defendant Steven A. Atkiss is a citizen of the United States whose office was located at all relevant times in the District of Columbia. At all relevant times,

defendant Atkiss was employed by the United States Government as the Deputy Director of the White House Office of Advance. Defendant Atkiss is sued in his individual capacity.

8.     Defendant James A. O'Keefe is a citizen of the United States whose office was located at all relevant times in the District of Columbia. At all relevant times, defendant O'Keefe was employed by the United States Government as a Senior Advance Representative for the White House Office of Advance. Defendant O'Keefe is sued in his individual capacity.

9.     Defendants John/Jane Does 1-2 are persons whose identities are currently unknown to plaintiffs but who were involved in the creation, authorization, ratification, and/or implementation of a policy to eject from this event and other similar events plaintiffs and anyone with views that were perceived as different from the President's view. Upon information and belief, defendants John/Jane Does 1-2 are federal employees or were acting at the direction of federal employees.

## IV.    FACTUAL ALLEGATIONS

10.     On March 21, 2005, President Bush made a visit to Denver, Colorado, at the Wings Over the Rockies Air and Space Museum, to deliver a speech on the topic of Social Security.

11.     This was an official visit by the President. It was paid for by taxpayers. It was open to the public.

3

12.    The White House determined who would serve as staff or volunteers working at this event.  The White House also determined the rules concerning attendance at the event.

13.    In order to coordinate attendance at President Bush's appearance by individuals who wished to hear him speak, the defendants, including the John/Jane Doe defendants, designed systems and procedures for that visit that included admission to the museum by ticket.  Tickets were distributed, in part, by the office of Representative Bob Beauprez.  Tickets were available to any member of the public.

14.    On March 18, 2005, plaintiffs Weise and Young separately obtained tickets from the office of Representative Bob Beauprez to attend President Bush's speech. Before obtaining the tickets, they were asked to show their driver's licenses and to write their names and addresses on a piece of paper.

15.    At no time were plaintiffs advised that they could not attend or that attendance was limited to persons with a viewpoint identical to that of the President.

16.    On March 21, 2005, plaintiffs arrived at the event in a vehicle owned and driven by Ms. Weise.

17.    Ms. Weise's vehicle had a bumper sticker that expressed a particular viewpoint.  The bumper sticker read, "No More Blood For Oil."

18.    Ms. Weise parked her vehicle, and plaintiffs waited in a long line for approximately one-half hour to enter the event.

19.    Plaintiffs wanted to listen to President Bush's views on Social Security. If the president had allowed questions from the floor, plaintiff Young would have sought to ask a question. They had no intention of disrupting the event in any way.

20.    As Ms. Weise approached the security metal detectors, with a friend, she was asked to show identification. She showed her identification to the man at the metal detector. He prohibited her and her friend from entering the event and directed them to stand next to another man, Jay Bob Klinkerman, who identified himself as a "volunteer" from Colorado.

21.    Mr. Young's identification was checked by a different person, and Mr. Young passed the security check and proceeded to a seat.

22.    Ms. Weise asked Mr. Klinkerman if she was on some kind of a list. He replied only that they had to wait for someone from the Secret Service to arrive.

23.    Soon, another man, now known as Michael Casper, arrived. Mr. Casper wore a dark blue suit, an earpiece, and a lapel pin. As he approached, Mr. Klinkerman said, "that's him," or "here he comes."

24.    Mr. Casper told Ms. Weise that she had been "ID'd," and that if she had any ill intentions she would be arrested. Ms. Weise's friend asked Mr. Casper what he meant by "ID'd." He reiterated that if they had any ill intentions they would be arrested. He told them that if they tried any "funny stuff" that they would be arrested, but that he was going to let them in.

25.    Mr. Casper issued these threats and warnings solely because of the bumper sticker on Ms. Weise's car and his perception, along with the perception of defendants Greg Jenkins, Steven A. Atkiss and James A. O'Keefe, and one or more of the John/Jane Doe defendants, that Ms. Weise had a viewpoint that was different from the President's.

26.    After Mr. Casper's warnings, Ms. Weise and her friend then entered the building and proceeded to the area where the audience was seated.  Some time after permitting Ms. Weise to enter, Mr. Casper consulted with defendant Atkiss and defendant O'Keefe, who told him to ask Ms. Weise and Mr. Young to leave the event.

27.    At other open-to-the-public official Presidential visits around the country at which the President spoke, people with a viewpoint other than that held by the President were either denied entry, ejected, or even arrested.

28.    A few minutes later, Mr. Casper approached Mr. Young.  Mr. Casper told Mr. Young to follow him.  Mr. Casper then turned toward Ms. Weise and shouted to her to come and that she had to leave, too.  Mr. Casper placed his hand on Mr. Young's back and shoved him forward toward the exit.  Ms. Weise did as ordered, and followed behind Mr. Casper as he pushed Mr. Young toward the door.  Mr. Young repeatedly asked Mr. Casper who he was, where he was taking them, and what was going on. Mr. Casper did not answer any of Mr. Young's questions, but replied, "this is a private event, and you have to leave."  As they approached the exit, Mr. Casper called to a woman in a dark suit to escort Mr. Young and Ms. Weise out the door.

29.    Defendants Jenkins, Atkiss and O'Keefe and one or more of the John/Jane Doe defendants had earlier set a policy of prohibiting anyone from attending this public event if they held a viewpoint other than that held by the President.  Defendants Atkiss and O'Keefe acted pursuant to this policy when they asked Mr. Casper to eject Ms. Weise and Mr. Young from the event.

30.    Once outside, Ms. Weise and Mr. Young were confronted by four or five men, two of whom were uniformed police officers; the others wore suits.  Both uniformed officers were wearing nameplates that included the words "New York" under the names.

31.    Mr. Young asked one of the suited men who they were, and if they were staff.  One of the men replied that he was Secret Service, and said that if staff asked them to leave, they had to leave.  The man did not show Mr. Young or Ms. Weise any identification.  The man was wearing a lapel pin and an earpiece.  Mr. Young asked the man if "staff" meant "Secret Service."  The man repeated that, if staff asked them to leave, they had to leave.

32.    Ms. Weise asked if there was someone else in authority they could talk to about reentry.  The men said there was not.  The men urged the plaintiffs to contact the person who gave them tickets.  The plaintiffs told the men that Representative Beauprez gave them tickets and he was just inside the door.  They asked the men to go get Representative Beauprez to discuss the matter.  The men refused to do so.

33.    At no time did either of the plaintiffs give any indication that they would disrupt the event.

34.    After the event, the Secret Service confirmed to Ms. Weise and Mr. Young that they were ejected from the event as a result of the bumper sticker on Ms. Weise's vehicle.

35.    At all times, the policies concerning attendance at the event were set by federal officials acting as federal officials, including defendants Jenkins, Atkiss, O'Keefe and the Doe defendants.  Mr. Klinkerman and Mr. Casper ejected the plaintiffs at the direction of and pursuant to polices of those federal officials.

36.    The named defendants, the Doe defendants and Mr. Casper and Mr. Klinkerman conspired together.  They agreed to deny entry from or to expel persons with viewpoints opposed to the President's, or persons perceived to hold such opposing viewpoints, including the plaintiffs.  They also conspired to seize plaintiffs and anyone who entered the event under the same circumstances.  The acts that occurred as part of that conspiracy are those outlined above.  More specifically, defendants Atkiss and O'Keefe, who made the decision to eject the plaintiffs, acted in concert with defendant Jenkins and the Doe defendants, who established the policies that were being enforced by the ejection, and with Mr. Casper and Mr. Klinkerman, who carried out the ejection.

37.    Defendant Jenkins and the Doe defendants knew that the policy to deny entry from or to expel persons with viewpoints opposed to the President's, or persons

8

perceived to hold such opposing viewpoints, would be applied throughout the country at

the President's appearances.  Defendant Jenkins and the Doe defendants knew that the

President was scheduled to speak in Denver.

38.     Defendants have been criticized by virtually every member of the Colorado

Congressional delegation for ejecting plaintiffs from this event in violation of their First

Amendment rights.

39.     All defendants acted throughout this incident under color of federal law.

40.     Mr. Casper and Mr. Klinkerman are the two named defendants in a related

case brought by plaintiffs Weise and Young, civil action no. 05-CV-02355-WYD-CBS,

that is based on the same set of facts occurring on March 21, 2005.  That case is presently

on appeal to the United States Court of Appeals for the Tenth Circuit on the District

Court's denials of defendants' motions to dismiss.

## V.     CAUSE OF ACTION AND RELIEF

**(Action Pursuant to *Bivens v. Six Unknown Named Agents of
Federal Bureau of Narcotics*, 403 U.S. 388 (1971) )**

41.     Plaintiffs hereby incorporate all preceding paragraphs of this Complaint as

though fully incorporated herein.

42.     Defendants violated plaintiffs' First and Fourth Amendment rights by

establishing and enforcing a policy to eject persons, including the plaintiffs, from this

event on the basis of their viewpoint.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, and award them damages and such other relief as is just and proper.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 15th day of March, 2007.

**s/ Christopher A. Hansen**
Christopher A. Hansen
Catherine Crump
American Civil Liberties Union
125 Broad Street, 18th floor
New York City, NY 10004
(212) 549-2606
chanson@aclu.org
ccrump@aclu.org

**s/ Mark Silverstein**
Mark Silverstein
American Civil Liberties Union
    Foundation of Colorado
400 Corona Street
Denver, Colorado 80218-3915
(303) 777-5482
Msilver2@worldnet.att.net

**s/ Martha M. Tierney**
**s/ Jerremy R. Ramp**
Martha M. Tierney
Jeremy M. Ramp
Kelly, Haglund, Garnsey, Kahn LLC
1441 Eighteenth Street, Suite 300
Denver, Colorado 80202-1255
(303) 296-9412
mtierney@khgk.com
jramp@khgk.com
    In cooperation with the American Civil
    Liberties Union Foundation of Colorado

*Weise, et al. v. Jenkins*
No. 07-cv-01157

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.


LESLIE WEISE,
ALEX YOUNG,

      Plaintiffs,

v.

MICHAEL CASPER, in his individual capacity;
JAY BOB KLINKERMAN, in his individual capacity;

JOHN/JANE DOES 1-5, all in their individual capacities,

      Defendants.

---

## COMPLAINT AND JURY DEMAND

---

Leslie Weise and Alex Young, by and through their attorneys, Christopher A. Hansen, Catherine Crump, Mark Silverstein, Martha M. Tierney, and Jerremy M. Ramp, respectfully allege as follows:

### I.     INTRODUCTION

1.     This is a case arising from the March 21, 2005 appearance by President George W. Bush at the Wings Over the Rockies Air and Space Museum in Denver, Colorado. Although this event was an official Presidential visit, open to the public, and although plaintiffs had authorized tickets to the event, plaintiffs were ejected from the audience solely because of defendants' perception that plaintiffs' viewpoint on public

issues would differ from the President's viewpoint.  Defendants' actions violated

plaintiffs' First and Fourth Amendment rights.

## II.   JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1346.

This action is authorized and instituted pursuant to *Bivens v. Six Unknown Named Agents*

*of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

3.      The practices alleged herein to be unlawful were committed within the

jurisdiction of the United States District Court of Colorado.  Venue is proper in this Court

pursuant to 28 U.S.C. § 1391.

## III.   PARTIES

4.      Plaintiff Leslie Weise is a citizen of the United States and was at all

relevant times a resident of and domiciled in the State of Colorado.

5.      Plaintiff Alex Young is a citizen of the United States and was at all relevant

times a resident of and domiciled in the State of Colorado.

6.      Defendant Michael Casper is a resident of Colorado.  Defendant Casper is

sued in his individual capacity.

7.      Defendant Jay Bob Klinkerman is a resident of Colorado.  Defendant

Klinkerman is sued in his individual capacity.

8.      Defendants John/Jane Does 1-5 are persons whose identities are currently

unknown to plaintiffs but who were involved in the decision to eject from this event

plaintiffs and anyone with views that were perceived as different from the President's

view. Upon information and belief, defendants John/Jane Does 1-5 are federal

employees or were acting at the direction of federal employees.

### IV.    FACTUAL ALLEGATIONS

9.      On March 21, 2005, President Bush made a visit to Denver, Colorado, at

the Wings Over the Rockies Air and Space Museum, to deliver a speech on the topic of

Social Security.

10.     This was an official visit by the President. It was paid for by taxpayers. It

was open to the public.

11.     The White House determined who would serve as staff or volunteers

working at this event. The White House also determined the rules concerning attendance

at the event.

12.     In order to coordinate attendance at President Bush's appearance by

individuals who wished to hear him speak, the defendants, including the John/Jane Doe

defendants, designed systems and procedures for that visit that included admission to the

museum by ticket. Tickets were distributed, in part, by the office of Representative Bob

Beauprez. Tickets were available to any member of the public.

13.     On March 18, 2005, plaintiffs Weise and Young separately obtained tickets

from the office of Representative Bob Beauprez to attend President Bush's speech.

Before obtaining the tickets, they were asked to show their driver's licenses and to write

their names and addresses on a piece of paper.

3

14.     At no time were plaintiffs advised that they could not attend or that attendance was limited to persons with a viewpoint identical to that of the President.

15.     On March 21, 2005, plaintiffs arrived at the event in a vehicle owned and driven by Ms. Weise.

16.     Ms. Weise's vehicle had a bumper sticker that expressed a particular viewpoint. The bumper sticker read, "No More Blood For Oil."

17.     Ms. Weise parked her vehicle, and plaintiffs waited in a long line for approximately one-half hour to enter the event.

18.     Plaintiffs wanted to listen to President Bush's views on Social Security. If the president had allowed questions from the floor, plaintiff Young would have sought to ask a question. They had no intention of disrupting the event in any way.

19.     As Ms. Weise approached the security metal detectors, with a friend, she was asked to show identification. She showed her identification to the man at the metal detector. He prohibited her and her friend from entering the event and directed them to stand with defendant Klinkerman. In response to a question from Ms. Weise's friend, defendant Klinkerman identified himself as a "volunteer" from Colorado.

20.     Mr. Young's identification was checked by a different person, and Mr. Young passed the security check and proceeded to a seat.

21.     Ms. Weise asked defendant Klinkerman if she was on some kind of a list. He replied only that they had to wait for someone from the Secret Service to arrive.

4

22.    Soon, defendant Casper arrived.  Defendant Casper wore a dark blue suit, an earpiece, and a lapel pin.  As he approached, defendant Klinkerman said, "that's him," or "here he comes."

23.    Defendant Casper told Ms. Weise that she had been "ID'd," and that if she had any ill intentions she would be arrested.  Ms. Weise's friend asked the man what he meant by "ID'd."  He reiterated that if they had any ill intentions they would be arrested.  He told them that if they tried any "funny stuff" that they would be arrested, but that he was going to let them in.

24.    Defendant Casper issued these threats and warnings solely because of the bumper sticker on Ms. Weise's car and his perception, and/or the perception of the John/Jane Doe defendants, that Ms. Weise had a viewpoint that was different from the President's.

25.    After Casper's warnings, Ms. Weise and her friend then entered the building and proceeded to the area where the audience was seated.  Upon information and belief, after permitting Ms. Weise to enter, defendant Casper consulted with one or more of the John/Jane Doe defendants.  Upon information and belief, he was advised that one or more of the John/Jane Doe defendants had, at the direction of a John/Jane Doe defendant employed by the White House, set a policy of prohibiting anyone from attending this public event if they held a viewpoint other than that held by the President.

26.     At other open-to-the-public official Presidential visits around the country at which the President spoke, people with a viewpoint other than that held by the President were either denied entry, ejected, or even arrested.

27.     A few minutes later, defendant Casper approached Mr. Young. Defendant Casper told Mr. Young to follow him. Defendant Casper then turned toward Ms. Weise and shouted to her to come and that she had to leave, too. Defendant Casper placed his hand on Mr. Young's back and shoved him forward toward the exit. Ms. Weise did as ordered, and followed behind defendant Casper as he pushed Mr. Young toward the door. Mr. Young repeatedly asked defendant Casper who he was, where he was taking them, and what was going on. Defendant Casper did not answer any of Mr. Young's questions, but replied, "this is a private event, and you have to leave." As they approached the exit, Mr. Casper called to a woman in a dark suit to escort Mr. Young and Ms. Weise out the door.

28.     Once outside, Ms. Weise and Mr. Young were confronted by four or five men, two of whom were uniformed police officers; the others wore suits. Both uniformed officers were wearing nameplates that included the words "New York" under the names.

29.     Mr. Young asked one of the suited men who they were, and if they were staff. One of the men replied that he was Secret Service, and said that if staff asked them to leave, they had to leave. The man did not show Mr. Young or Ms. Weise any identification. The man was wearing a lapel pin and an earpiece. Mr. Young asked the

6

man if "staff" meant "Secret Service." The man repeated that, if staff asked them to leave, they had to leave.

30.   Ms. Weise asked if there was someone else in authority they could talk to about reentry. The men said there was not. The men urged the plaintiffs to contact the person who gave them tickets. The plaintiffs told the men that Representative Beauprez gave them tickets and he was just inside the door. They asked the men to go get Representative Beauprez to discuss the matter. The men refused to do so.

31.   At no time did either of the plaintiffs give any indication that they would disrupt the event.

32.   After the event, the Secret Service confirmed to Ms. Weise and Mr. Young that they were ejected from the event as a result of the bumper sticker on Ms. Weise's vehicle.

33.   At all times, the policies concerning attendance at the event were set by federal officials acting as federal officials, including some of the Doe defendants. Defendants Klinkerman and Casper ejected the plaintiffs at the direction of and pursuant to polices of those federal officials.

34.   The named defendants and the Doe defendants conspired together. They agreed to deny entry from or to expel persons with viewpoints opposed to the President's, or persons perceived to hold such opposing viewpoints, including the plaintiffs. They also conspired to seize plaintiffs and anyone who entered the event under the same circumstances. The acts that occurred as part of that conspiracy are those outlined above.

More specifically, the named defendants who ejected the plaintiffs acted in concert with the Doe defendants who directed the ejection and who established the policies that were being enforced by the ejection.

35.     Defendants have been criticized by virtually every member of the Colorado Congressional delegation for ejecting plaintiffs from this event in violation of their First Amendment rights.

36.     All defendants acted throughout this incident under color of federal law.

## V.     CAUSE OF ACTION AND RELIEF

**(Action Pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) )**

37.     Plaintiffs hereby incorporate all preceding paragraphs of this Complaint as though fully incorporated herein.

38.     Defendants violated Plaintiffs' First and Fourth Amendment rights by ejecting them from this event on the basis of their viewpoint.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, and award them damages and such other relief as is just and proper.

## PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.

8

Respectfully submitted this 21st day of November, 2005.

/s Christopher A. Hansen
Christopher A. Hansen
Catherine Crump
American Civil Liberties Union
125 Broad Street, 18th floor
New York City, NY 10004
(212) 549-2606
chanson@aclu.org
ccrump@aclu.org

/s Mark Silverstein
Mark Silverstein
American Civil Liberties Union
    Foundation of Colorado
400 Corona Street
Denver, Colorado 80218-3915
(303) 777-5482
Msilver2@worldnet.att.net

/s Martha M. Tierney
Martha M. Tierney
Jerremy M. Ramp
Kelly, Haglund, Garnsey, Kahn LLC
1441 Eighteenth Street, Suite 300
Denver, Colorado 80202-1255
(303) 296-9412
mtierney@khgk.com
jramp@khgk.com
    In cooperation with the American Civil
    Liberties Union Foundation of Colorado

*Weise, et al. v. Jenkins*
No. 07-cv-01157

# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-00515-EWN-MEH


LESLIE WEISE, and
ALEX YOUNG,

       Plaintiffs,

v.

GREG JENKINS, in his individual capacity;
STEVEN A. ATKISS, in his individual capacity;
JAMES A. O'KEEFE, in his individual capacity
JOHN/JANE DOES 1-2, both in their individual capacities,


       Defendants.

---

## UNOPPOSED MOTION TO STAY PROCEEDINGS UNTIL ACTION BY THE COURT OF APPEALS

---

Leslie Weise and Alex Young, by and through their attorneys, Christopher A. Hansen, Catherine Crump, Mark Silverstein, Martha M. Tierney, and Jerremy M. Ramp, respectfully move this Court for an order staying all proceedings until after the decision of the Court of Appeals in a related case involving the same plaintiffs and arising out of the same facts and same causes of action.  As grounds therefore, Ms. Weise and Mr. Young state as follows:

This case arises out of an incident that occurred on March 21, 2005.  The plaintiffs were ejected from a taxpayer-funded town hall meeting on social security in Denver, Colorado.  Plaintiffs assert that they arrived at the event in a car that displayed a bumper

sticker stating "No More Blood For Oil," and that they were ejected from the event

pursuant to a policy of prohibiting anyone from attending the public event if they were

perceived to hold a viewpoint other than that held by the President.

Plaintiffs Weise and Young initially filed an action against the only two

defendants they had been able to identify -- Jay Bob Klinkerman and Michael Casper --

on November 21, 2005.  That case was assigned to docket number 05-CV-2355-WYD-

CBS.  Defendants in that case moved to dismiss on the grounds of qualified immunity.

That motion was denied.  Defendants appealed.  Briefs have been submitted and the

parties are awaiting an argument date.  The appeals have been assigned docket numbers

06-1504 and 06-1516.

While the appeal was pending in that case, plaintiffs succeeded in identifying three

other individuals involved in the incident.  Because the Casper/Klinkerman action was

pending in the Court of Appeals, plaintiffs did not seek to amend the Complaint in that

case to add defendants but instead filed a second action -- this case -- against defendants

Greg Jenkins, Steven Atkiss and James O'Keefe on March 15, 2007.  (Had the case not

been in the Court of Appeals, it would have been appropriate for plaintiffs to simply file

an amended complaint in the Casper/Klinkerman case adding the new defendants.)  The

allegations in this case, and the legal claims, are essentially identical to those in the

Casper/Klinkerman case.  On April 25, 2007, plaintiffs filed a motion in the

Casper/Klinkerman action to consolidate (or transfer) this case with that case.  That

motion is pending.

In each case plaintiffs brought the action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In each case, plaintiffs allege that, acting under color of federal law, defendants Klinkerman and Casper first admitted and then ejected plaintiffs from the event based on a policy created and/or enforced by defendants Jenkins, Atkiss and O'Keefe, in violation of the plaintiffs' First and Fourth Amendment rights.

The Defendants have informed Plaintiffs that if this case proceeds at the present time, they will respond to the complaint by filing a motion asserting qualified immunity. However, defendants Casper and Klinkerman asserted qualified immunity on facts nearly identical to those in this case, and the district court's denial of that assertion is now pending before the Court of Appeals. Rather than requiring the parties to brief, and the Court to decide, qualified immunity while the Casper and Klinkerman appeals are pending , this Court should stay all proceedings until thirty (30) days after the decision of the Court of Appeals. At that point, a motion for qualified immunity in this case may be moot. And even if it is not moot, this Court will likely benefit from the rulings of the Court of Appeals in deciding any immunity issues that might remain.

As required by Local Rule 7.1A, plaintiffs conferred with Department of Justice attorney J. Marcus Meeks, who stated that he represents defendants Jenkins, Atkiss and O'Keefe and who advised that they do not oppose the relief requested herein.

WHEREFORE, Plaintiffs respectfully request that the Court stay all proceedings in this case until thirty (30) days after a ruling by the Court of Appeals in the Casper/Klinkerman case.

Respectfully submitted this 2nd day of May 2007.

Christopher A. Hansen
Catherine Crump
American Civil Liberties Union
125 Broad Street, 18th floor
New York City, NY 10004
(212) 549-2606
chanson@aclu.org
ccrump@aclu.org

Mark Silverstein
American Civil Liberties Union
    Foundation of Colorado
400 Corona Street
Denver, Colorado 80218-3915
(303) 777-5482
Msilver2@worldnet.att.net

Martha M. Tierney
Jerremy M. Ramp
Kelly Garnsey Hubbell + Lass LLC
1441 Eighteenth Street, Suite 300
Denver, Colorado 80202-1255
(303) 296-9412
mtierney@kghllaw.com
jramp@kghllaw.com
    In cooperation with the American Civil
    Liberties Union Foundation of Colorado

4

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

J. Marcus Meeks
Department of Justice
Civil Division Torts Branch
Ben Franklin Station
P.O. Box 7146
Washington DC  20044
Attorney for Defendants Greg Jenkins, Steven Atkiss and James O'Keefe
(U.S. Mail)

RENEE ANDERSON

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-CV-00515-EWN-MEH


LESLIE WEISE, and
ALEX YOUNG,

      Plaintiffs,

v.

GREG JENKINS, in his individual capacity;
STEVEN ATKISS, in his individual capacity,
JAMES A. O'KEEFE, in his individual capacity,  and
JOHN/JANE DOES 1-2, both in their individual capacities,

      Defendants.

---

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO STAY
PROCEEDINGS UNTIL ACTION BY THE COURT OF APPEALS**

---

     Plaintiffs' Unopposed Motion to Stay Proceedings Until Action By the Court of

Appeals is GRANTED.  All proceedings in this case are stayed until thirty (30) days after

a ruling by the Court of Appeals in Case Numbers 06-1504 and 06-1516.


Dated:_____          _____
                                         United States District Judge/Magistrate

*Weise, et al. v. Jenkins*
No. 07-cv-01157

# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-02355-WYD-CBS


LESLIE WEISE, and
ALEX YOUNG,

      Plaintiffs,

v.

MICHAEL CASPER, in his individual capacity;
JAY BOB KLINKERMAN, in his individual capacity;
JOHN/JANE DOES 1-5, all in their individual capacities,


      Defendants.

---

## MOTION TO CONSOLIDATE OR TRANSFER

---

      Leslie Weise and Alex Young, by and through their attorneys, Christopher A. Hansen, Catherine Crump, Mark Silverstein, Martha M. Tierney, and Jerremy M. Ramp, respectfully move this Court pursuant to F.R.Civ.P. 42 to consolidate this matter with United States District Court Case Number 07-CV-00515-EWN-MEH or in the alternative, simply to transfer the second case to this Court.  As grounds therefore, Ms. Weise and Mr. Young state as follows:

      Plaintiffs Weise and Young filed this action against defendants Jay Bob Klinkerman and Michael Casper on November 21, 2005.  Plaintiffs Weise and Young filed a second action against defendants Greg Jenkins, Steven Atkiss and James O'Keefe on March 15, 2007.  That second case has been assigned case number 07-CV-00515-

EWN-MEH (hereinafter the "Second Case").  Plaintiffs now seek to consolidate these

two actions.

Pursuant to F.R.Civ.P. 42, when actions involving a common question of law or

fact are pending before the court, it may order all the actions consolidated.  This case

involves a common question of law and the same set of facts as those set forth in the

Second Case.  Both cases arise out of the same incident.  On March 21, 2005, the

plaintiffs were ejected from a taxpayer-funded town hall meeting on social security in

Denver, Colorado.  In both cases, plaintiffs assert that they arrived at the event in a car

that displayed a bumper sticker stating "No More Blood For Oil," and that they were

ejected from the event pursuant to a policy of prohibiting anyone from attending the

public event if they were perceived to hold a viewpoint other than that held by the

President.

Plaintiffs initially sued the two people they were able to identify who were

involved in the incident.  Plaintiffs later learned from those two people that three other

people were involved in the decision to eject the plaintiffs.  At the time plaintiffs learned

those facts, this case was before the United States Court of Appeals on defendants'

appeal of the denial of their motions to dismiss.  Because this case was in the Court of

Appeals, plaintiffs proceeded by filing a new case against the three new people involved.

Had the case not been in the Court of Appeals, it would have been appropriate for

plaintiffs to simply file an amended complaint in this case adding the new defendants.

Not only are the facts identical, the applicable law is as well. In each case plaintiffs brought the action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In each case, plaintiffs allege that, acting under color of federal law, defendants Klinkerman and Casper first admitted and then ejected plaintiffs from the event based on a policy created and/or enforced by defendants Jenkins, Atkiss and O'Keefe, in violation of the plaintiffs' First and Fourth Amendment rights.

Pursuant to D.C.Colo.L.Civ.R. 42.1, motions to consolidate shall be decided by the district judge to whom the oldest numbered case involved in the proposed consolidation is assigned; and cases consolidated shall be assigned for all further purposes to the judicial officer to whom the lowest numbered consolidated case previously was assigned, in this instance, The Honorable Wiley Y. Daniel. The Court, the Judges, and the parties will accomplish some efficiencies of time, expense and effort by consolidating all matters in to one proceeding. Because this case is now in the Court of Appeals, the Court may wish, in the alternative, to transfer the Second Case to this Court and formally consolidate it only after this case is remanded from the Court of Appeals. In either event, the efficiency and consistency of the Court will benefit from having all defendants before a single judge.

As required by Local Rule 7.1A, plaintiffs conferred with counsel for defendants Casper and Klinkerman, who advised that they object to the relief requested herein. Plaintiffs also conferred with Department of Justice attorney J. Marcus Meeks, who

3

stated that he represents defendants Jenkins, Atkiss and O'Keefe.  Mr. Meeks advised

that defendants Jenkins, Atkiss and O'Keefe have no objection to the relief requested

herein.

WHEREFORE, Plaintiffs respectfully request that the Court consolidate this case

with Case Number 07-CV-00515-EWN-MEH.

Respectfully submitted this 25th day of April 2007.

Christopher A. Hansen
Catherine Crump
American Civil Liberties Union
125 Broad Street, 18th floor
New York City, NY 10004
(212) 549-2606
chanson@aclu.org
ccrump@aclu.org

Mark Silverstein
American Civil Liberties Union
    Foundation of Colorado
400 Corona Street
Denver, Colorado 80218-3915
(303) 777-5482
Msilver2@worldnet.att.net

s/ Jerremy M. Ramp
Martha M. Tierney
Jerremy M. Ramp
Kelly Garnsey Hubbell + Lass LLC
1441 Eighteenth Street, Suite 300
Denver, Colorado 80202-1255
(303) 296-9412
mtierney@kghllaw.com
jramp@kghllaw.com
        In cooperation with the American Civil
        Liberties Union Foundation of Colorado

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Sean R. Gallagher
Dugan Bliss
Hogan & Hartson LLP
1200 17th Street, Suite 1500
Denver, Colorado 80202
srgallagher@hhlaw.com
dbliss@hhlaw.com

H. Christopher Bartolomucci
Jake M. Shields
555 13th Street, NW
Washington  DC  20004
hcbartolomucci@hhlaw.com
jmshields@hhlaw.com
Attorneys for Defendant Michael Casper

John S. Zakhem
Zakhem, Atherton, LLC
700 17th Street, Suite 2000
Denver, CO  80202
jzakehm@zakehmatherton.com
Attorneys for Defendant Jay Bob Klinkerman

Brett R. Lilly
6730 West 29th Avenue
Wheat Ridge, CO  80214
brettlilly@comcast.net
Attorneys for Defendant Jay Bob Klinkerman

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

J. Marcus Meeks
Department of Justice
Civil Division Torts Branch
Ben Franklin Station
P.O. Box 7146
Washington DC  20044
Attorney for Defendants Greg Jenkins, Steven Atkiss and James O'Keefe
(U.S. Mail)

s/ Susan J. Miller
SUSAN J. MILLER

*Weise, et al. v. Jenkins*
No. 07-cv-01157

# Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-02355-WYD-CBS
(Consolidated with Civil Action No. 07-cv-00515)

LESLIE WEISE and
ALEX YOUNG,

      Plaintiffs,

v.

MICHAEL CASPER, in his individual capacity;
JAY BOB KLINKERMAN, in his individual capacity;
GREG JENKINS, in his individual capacity;
STEVEN A. ATKISS, in his individual capacity;
JAMES A. O'KEEFE, in his individual capacity;
JOHN/JANE DOES 1-2, both in their individual capacities,

      Defendants.

_____

## ORDER

     THIS MATTER is before the Court on Plaintiffs' Motion to Consolidate or Transfer, filed April 25, 2007 (docket #88) (the "motion").  In the motion, brought pursuant to Fed. R. Civ. P. 42, Plaintiffs seek consolidation of this case with *Weise et. al v. Jenkins et. al*, United States District Court Civil Action No. 07-cv-00515-EWN-MEH, (the "Jenkins Case").  Because the instant case is the lower numbered case, I will rule on the proposed consolidation.  *See* D.C.Colo.LCivR 42.1.  While the motion states that Defendants Casper and Klinkerman object to the proposed consolidation, no objections have been filed.  I note that the motion affirms that the Defendants in the Jenkins Case do not object to the proposed consolidation.

     Upon review of the motion, it appears that consolidation of the two cases is

appropriate under Rule 42(a).  Rule 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."  Consolidation is within the discretion of the trial court.  *Gillette Motor Transport v. Northern Oklahoma Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950).

It appears that the instant case and the Jenkins case arise out of the same set of facts.  Both cases arise out of an incident that occurred during a public appearance by President George W. Bush on March 21, 2005.  Plaintiffs alleged that they were ejected from the public appearance by Defendants because of Defendants' perception that Plaintiffs' viewpoint on public issues differed from the President's viewpoint.  In addition, Plaintiffs bring each case pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  In the instant case, Plaintiffs allege that Defendants Casper, Klinkerman and others, acting under color of law, violated Plaintiffs' First and Fourth Amendment rights by ejecting them from the event.  In the Jenkins case, Plaintiffs allege that their ejection was based on a policy created or enforced by Defendants Jenkins, Atkiss and O'Keefe.

Upon review of the Complaint filed in this case and the Complaint filed in the Jenkins Case, I find that the two cases involve common questions of law and fact, and I conclude that consolidation of the two cases is appropriate.  Accordingly, it is hereby

ORDERED that Motion to Consolidate or Transfer, filed April 25, 2007 (docket

#88), is **GRANTED**.  It is

FURTHER ORDERED that this case shall be consolidated with *Weise et. al v. Jenkins et. al*, United States District Court Civil Action No. 07-cv-00515-EWN-MEH, It is

FURTHER ORDERED that as of the date of this Order, all pleadings and other filings shall be filed in this case only, using the caption appearing in this Order.  It is

FURTHER ORDERED that the clerk shall docket a copy of this Order in Civil Action No. 07-cv-00515.  It is

FURTHER ORDERED that the Unopposed Motion to Stay Proceedings Until Action By the Court of Appeals, filed May 2, 2007 in *Weise et. al v. Jenkins et. al*, United States District Court Civil Action No. 07-cv-00515-EWN-MEH, (docket #9) is **DENIED AS MOOT**.

Dated:  May 25, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge