UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESLIE WEISE & ALEX YOUNG<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY J. JENKINS<br><br>Defendant. | No.  07-cv-1157-CKK |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
AND PLAINTIFFS' PARTIAL CONSENT TO DEFENDANT'S
ALTERNATIVE MOTION FOR A STAY**

Defendant has filed a Motion to Dismiss or in the Alternative to Stay.  Defendant did not consult with plaintiffs prior to filing his motion.  If he had, plaintiffs would have advised that they would consent to a stay until the similar case against this defendant in Denver is resolved.

This case challenges a policy adopted by the White House Office of Presidential Advance (of which the defendant was the Director) to prohibit people opposed to the President's policies from attending official Presidential speech events.  Plaintiffs allege that this policy constitutes viewpoint discrimination in violation of the First Amendment.

A parallel case has been filed by the same plaintiffs against the same defendant arising out of the same incident in the United States District Court for the District of Colorado, where the incident occurred.  Exhibit 1 to defendant's motion.  The two cases differ in two ways.  First, the Denver case includes two additional defendants.  Second, the Denver case primarily alleges facts concerning the plaintiffs, who were ejected from

1

an event in Denver because they were perceived as having views different from the President's. This case alleges those facts but also alleges facts from a similar incident in Charleston, West Virginia. The West Virginia facts further establish that neither incident was an aberration, but both were instead pursuant to an official policy by the defendant in his capacity as Director of the Office of Presidential Advance.

Defendant has indicated that he intends to move to dismiss the Denver case on the ground that the United States District Court for the District of Colorado does not have personal jurisdiction over him. This case was filed in this district to preserve plaintiffs' right to sue the defendant in this court (where personal jurisdiction over him appears to be clear) in the event he is dismissed from the case in Colorado after the statute of limitations has expired. Even before the defendant filed his motion to dismiss this case, plaintiffs had offered to dismiss it if the defendant would waive the defense of lack of personal jurisdiction in the Colorado case. He refused to do so.

Plaintiffs agree that until the issue of personal jurisdiction is resolved in Colorado, it would serve no useful purpose for this case to go forward. In the event the Colorado court concludes that it does have personal jurisdiction over the defendant (and that judgment is final), this case will become unnecessary and can be dismissed. However, in the event the Colorado court concludes that it does not have personal jurisdiction over the defendant, a stay in this case can be dissolved and this case can then proceed.[1]

---

[1] In addition, as defendant indicates, the Colorado case has been consolidated with a third case, also in Colorado, arising out of the same incident but involving different defendants. Exhibit 2 to defendant's motion. The third case is on appeal to the Tenth Circuit from an order of the district court on defendants' motion to dismiss based on qualified immunity. All proceedings in the second case have been stayed, on consent, pending resolution of that appeal. Thus, defendants have not yet filed their motion to dismiss on the basis of personal jurisdiction in the second case and will not do so until the Tenth Circuit acts in the third case.

Defendant suggests that a stay in this case be for a limited time in order to allow plaintiffs to withdraw the Denver case against this defendant. Plaintiffs oppose a stay of that limited scope because they do not intend to dismiss the Denver case. Plaintiffs believe this case should be tried in Denver. The plaintiffs are in Denver. Most of the other defendants are in Denver. The events occurred in Denver. Both the district court in Colorado and the Tenth Circuit Court of Appeals have already issued[2] or will issue decisions on the legality of the actions taken by defendants in Denver. Moreover, plaintiffs believe the district court in Colorado does have personal jurisdiction over defendant Jenkins. Thus, the stay in this case should continue until such time as that jurisdictional question is finally resolved.

Defendant's motion to dismiss should be denied. If this case is dismissed, and if defendant is ultimately successful in asserting a defense of lack of personal jurisdiction in Colorado, then the statute of limitations will preclude plaintiffs from re-filing this case in this district and they will forever be denied any remedy for the violation of their constitutional rights. Plaintiffs would thus be severely prejudiced by dismissal. So long as this case is stayed pending the resolution of the issues in Denver, defendant is not prejudiced—except, of course, in being potentially accountable for his own wrongdoing, as he should be. For these reasons, the case should be stayed, not dismissed.

Courts have specifically instructed plaintiffs to file protective lawsuits to prevent the statute of limitations from running. *See, e.g., States Marine Corp. of Del. v. United States*, 283 F.2d 776, 779 (2d Cir. 1960) (holding that libellant should have filed a protective suit to prevent the statute from running while the parties pursued

---

[2] *See Weise v. Caspar,* 2006 WL 3093133 (No. 05-cv-02355-WYD) (D. Colo. 2006).

administrative remedies).  Where personal jurisdiction is in dispute, "[e]lementary prudence" indicates that lawyers must file a protective suit in a forum where personal jurisdiction is assured.  *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986); *see also Saylor v. Dyniewski*, 836 F.2d 341, 345 (7th Cir. 1988).  Protective suits give plaintiffs a "fall-back, and jurisdictionally unassailable, alternative for the trial of the entire suit." *Reiser v. District of Columbia*, 580 F.2d 647, 655 (D.C. Cir. 1978).  Plaintiffs here have done no more than follow this doctrine of elementary prudence and there is no valid ground on which to dismiss this case.

The cases cited by the defendant are not to the contrary.  For example, defendant correctly quotes from *Washington v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980), that when two cases are commenced in two different federal courts, "the rule in this circuit has been … the one which is commenced first is to be allowed to proceed to its conclusion first."  That rule does not require dismissal of the second case; it prohibits duplication.  Because plaintiffs here do not seek duplicative proceedings, dismissal is not required.  Indeed, plaintiffs are asking this Court to follow the rule of *Ragonese* by allowing the first-filed Colorado case to proceed to its conclusion first.  It is the defendant who seeks to turn that sensible rule of precedence into a senseless doctrine that protective lawsuits must be dismissed.

## CONCLUSION

For the reasons given above, the Court should stay this case until such time as the question whether the United States District Court for the District of Colorado has personal jurisdiction over defendant Jenkins has been finally determined.

A proposed order is filed herewith.

>Respectfully submitted,
>
>/s/ *Christopher A. Hansen*
>
>_____
>Christopher A. Hansen
>American Civil Liberties Union Foundation
>125 Broad St. – 18th floor
>New York, NY 10004
>(212) 549-2606
>Fax (212) 549-2651
>
>/s/ *Arthur B. Spitzer*
>
>_____
>Arthur B. Spitzer  (D.C. Bar No. 235960)
> American Civil Liberties Union
>  of the National Capital Area
>1400 20th Street NW, Suite 119
>Washington DC 20036
>(202) 457-0804
>Fax (202) 452-1868
>
>Counsel for Plaintiffs

September 18, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESLIE WEISE & ALEX YOUNG<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>GREGORY J. JENKINS<br><br>　　　　Defendant. | No. 07-cv-1157-CKK |

**ORDER**

Upon consideration of the defendant's Motion to Dismiss or in the Alternative to Stay, and plaintiffs' response thereto, it appearing to the Court that this action has been properly filed as a protective lawsuit in the event that it is determined that the United States District Court for the District of Colorado does not have personal jurisdiction over the defendant, it is hereby

ORDERED that this action is STAYED pending further order of the Court; and it is further

ORDERED that the plaintiffs shall file a report as to the status of *Weise v. Caspar,* No. 05-cv-02355-WYD (D. Colo.), on or about March 30 and September 30 of each year until the question whether the United States District Court for the District of Colorado has personal jurisdiction over the defendant in that action is finally resolved.

Dated: _____, 2007

_____
Colleen Kollar-Kotelly
United States District Judge