IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESLIE WEISE; ALEX YOUNG<br><br>          Plaintiffs,<br><br>     v.<br><br>GREGORY J. JENKINS<br><br>          Defendant. | No.  07-cv-1157 (CKK) |

**JOINT STATUS REPORT**

As directed by this Court's September 21, 2007 Order, the parties submit this joint report on the status of their litigation in Colorado.  As the Court will recall, plaintiffs have filed an essentially identical lawsuit against defendant in Colorado.  In both cases, plaintiffs allege that it is the policy of the White House Office of Presidential Advance to prevent people opposed to the President's policies from attending his official speeches.  They further allege that this policy constitutes viewpoint discrimination in violation of the First Amendment.

Because defendant indicated that he intended to move to dismiss the Denver case on the ground that there is no personal jurisdiction over him in Colorado, plaintiffs filed this protective lawsuit in Washington, D.C.  In its September 21, 2007 Order, the Court stayed this lawsuit and directed the parties to file a joint status report on the Colorado litigation every 90 days, beginning on December 20, 2007.

The Colorado case against Jenkins was consolidated with another Colorado lawsuit arising out of the same incident against different federal defendants.  By the time

1

plaintiffs filed suit against Jenkins, the district court had denied the other defendants' motion to dismiss on the basis of qualified immunity, and the other defendants had appealed to the Tenth Circuit. The case against Jenkins was stayed until the Tenth Circuit issued its decision in the related case. On November 20, 2007, the Tenth Circuit issued a decision dismissing the defendants' appeal for lack of jurisdiction.

Defendant Jenkins then moved to dismiss for lack of personal jurisdiction. He simultaneously moved for summary judgment on the ground of qualified immunity. Plaintiffs filed an opposition. Briefing is now complete and the parties are awaiting a decision by the district court.

Accompanying his brief in the Colorado case, defendant submitted a sworn affidavit that he had stopped working at the White House Office of Presidential Advance by the date of the incident. Plaintiffs do not believe this absolves him of liability. However, as a precautionary measure, plaintiffs identified the individual, Todd W. Beyer, who was director of the Office of Presidential Advance at the time of the incident. They have filed an amended complaint in this action adding Beyer as a defendant.

March 19, 2007                                         Respectfully submitted,

Christopher A. Hansen
American Civil Liberties Union Foundation
125 Broad St. – 18th floor
New York, NY 10004
(212) 549-2606
Fax (212) 549-2651

   /s/ *Arthur B. Spitzer*
   _____
Arthur B. Spitzer (D.C. Bar No. 235960)
 American Civil Liberties Union
  of the National Capital Area
1400 20th Street NW, Suite 119

Washington DC 20036
(202) 457-0804
Fax (202) 452-1868

Counsel for Plaintiffs

  /s/ *J. Marcus Meeks*
  _____
J. Marcus Meeks (D.C. Bar No. 472072)
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Torts Branch
P.O. Box 7146
Ben Franklin Station
Washington D.C. 20044
(202) 616-4176 (voice)
(202) 616-4314 (fax)

Counsel for Defendants