IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESLIE WEISE, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>GREGORY J. JENKINS, *et al.*,<br><br>    Defendants. | Case No. 07-cv-01157-CKK |

**DEFENDANT GREGORY JENKINS' BRIEF ON THE PRECLUSIVE EFFECT OF THE DECISIONS BY THE U.S. DISTRICT COURT AND THE TENTH CIRCUIT COURT OF APPEALS IN *WEISE V. CASPER* AND THE IMPACT OF THESE DECISIONS ON HIS QUALIFIED IMMUNITY DEFENSE**

In response to the Court's order dated January 5, 2010, Defendant Gregory Jenkins respectfully submits this brief on the preclusive effect of the ruling issued by the U.S. District Court for the District of Colorado in *Weise v. Casper*, No. 05-cv-2355, published electronically at 2008 WL 4838682. Since this Court issued it's order, the Tenth Circuit Court of Appeals has affirmed the district court's decision in *Weise v. Casper*, __ F.3d __, 2010 WL 293798 (10th Cir. 2010). It is Defendant Jenkins' position that the decisions by the Colorado courts bar the present action under the doctrine of issue preclusion (collateral estoppel). Defendant Jenkins also respectfully submits supplemental briefing on his qualified immunity assertion that explains why the district court and Tenth Circuit decisions require dismissal of this action on qualified immunity grounds.

**I.    FACTUAL BACKGROUND**

On November 21, 2005, Plaintiffs sued two individuals in the U.S. District Court for the District of Colorado, Mike Casper and Jay Bob Klinkerman, who allegedly removed Plaintiffs

from a presidential event based on a bumper sticker on Plaintiffs' car which read "No More Blood for Oil." *See* Dkt. No. 10-3, Complaint filed in *Weise v. Casper*, No. 05-cv-2355 (D. Colo.) at ¶¶ 1, 15-16, 32-33.[1] Plaintiffs alleged that Casper and Klinkerman "ejected the plaintiffs at the direction of and pursuant to policies [set by] federal officials," and that their removal from the presidential event violated the First Amendment. *Id.* at ¶¶ 1, 33, 38.

Just over a year later, Plaintiff filed a second lawsuit in the same court against three former employees of the White House Office of Advance, Greg Jenkins, Steve Atkiss and James O'Keefe. *See* Dkt. No. 10-2, Complaint filed in *Weise v. Jenkins*, No. 07-cv-515 (D. Colo.). Soon after filing the second suit, Plaintiffs moved to consolidate the two cases because they involve "a common question of law and the same set of facts." Dkt. No. 10-5, Motion to Consolidate or Transfer at 2. The court granted the motion and ordered the cases consolidated. *See* Dkt. No. 10-6, Order dated May 25, 2007.

Plaintiffs then filed the present action on or about July 28, 2007. After some preliminary briefing on how to proceed in light of the action pending in Colorado, *see* Dkt. Nos. 4 and 5, this Court issued a stay on September 21, 2007. *See* Dkt. No. 6. Meanwhile, defendants Casper and Klinkerman filed motions to dismiss asserting qualified immunity. *See Weise v. Casper*, No. 05-cv-2355, 2008 WL 4838682, *1 (D. Colo. Nov. 6, 2008). Jenkins also filed a motion to dismiss in the Colorado action, asserting lack of personal jurisdiction and qualified immunity.[2] *See id.*

---

[1] Unless otherwise noted, docket citations are to previous filings with this Court.

[2] The qualified immunity arguments presented in Colorado differed. Casper and Klinkerman argued they were entitled to qualified immunity because they did not violate the First Amendment at all, and even if they did violate the First Amendment they did not violate a clearly established right. Jenkins argued, as he has in this action, that he was entitled to qualified immunity because he had departed the White House several months prior to the incident in

White House defendants Atkiss and O'Keefe filed answers. *See Weise v. Casper*, No. 05-cv-2355*,* at Dkt. Nos. 100 and 101.

On November 6, 2008, after full briefing by the parties, the district court in Colorado held that Casper and Klinkerman did not violate the Constitution and, even if they had, they were entitled to qualified immunity because the Plaintiffs failed to show the violation of a clearly established right. *See Weise*, 2008 WL 4838682 at *5-8. The court also held that it lacked personal jurisdiction over Defendant Jenkins; it did not reach Jenkins' qualified immunity argument. *See id.* at *2-4. The parties then moved the court to certify the order as a final judgment under Rule 54(b). *See Weise v. Casper*, No. 05-cv-2355*,* at Dkt. No. 113. The parties sought the certification to allow Plaintiffs to appeal the district court's constitutional ruling. *See id.* at 3. In that same motion, the parties sought a stay of Plaintiffs' claims against White House defendants Atkiss and O'Keefe still pending in the district court. *See id.* at 3-4. As the parties explained in the motion, an affirmance would entitle defendants Atkiss and O'Keefe to judgment in their favor. *Id.* at 3. The court granted the motion and certified its November 6, 2008 order as a final judgment. *See* Dkt. No. 115.

The Plaintiffs timely filed an appeal of the district court's order. After full briefing by the parties and oral argument, the Tenth Circuit Court of Appeals issued a decision on January 27, 2010, affirming the district court's holding. *See Weise v. Casper*, __ F.3d __, 2010 WL 293798, at *6*. Unlike the district court, the Tenth Circuit did not squarely address the constitutional question. *Id.* at *3, *6. Rather, the court ruled that the First Amendment right asserted by

---

question and it was not clearly established the a former government employee could be held personally liable for conduct that occurred after he left government service.

Plaintiffs was not clearly established at the time of the presidential event, and therefore the defendants are entitled to qualified immunity. *Id.*

## II.  LEGAL ANALYSIS

### A.  The Decisions in the Colorado Proceeding Bar this Action Under the Doctrine of Issue Preclusion.

Issue preclusion, also referred to as collateral estoppel, prevents a party from relitigating "any issue that was raised and decided in a prior action" involving the party. *Novak v. World Bank*, 703 F.2d 1305, 1309 (D.C. Cir. 1983). The decided issue, which must "be in substance the same" in both proceedings, may be an issue of fact or law. *Connors v. Tanoma Min. Co., Inc.*, 953 F.2d 682, 684 (D.C. Cir. 1992) ("A party that has once litigated a factual or legal issue and lost may be precluded from relitigating the same issue in a subsequent proceeding."); *see also* 18 Charles Alan Wright, et al., Federal Practice and Procedure: Jurisdiction and Related Matters § 4425 (2d ed. 2002) ("Preclusion generally is appropriate if both the first and second action involve application of the same principles of law to a historic fact setting that was complete by the time of the first adjudication.").

> In the D.C. Circuit, three conditions must be met for issue preclusion to apply:
>
> First, the issue must have been actually litigated, that is, contested by the parties and submitted for determination by the court. Second, the issue must have been actually and necessarily determined by a court of competent jurisdiction in the first trial. Third, the preclusion in the second trial must not work an unfairness.

*Otherson v. Dept. of Justice*, 711 F.2d 267, 273 (D.C. Cir. 1983) (quotes and citations omitted).[3] A judgment that satisfies these conditions has *res judicata* effect, even if the judgment is on

---

[3] The "unfairness" condition generally is concerned with whether a party had an incentive to fully litigate the issue in the first action. *Otherson*, 711 F.2d at 273; *Yamaha Corp. of America v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992).

appeal. *Hunt v. Liberty Lobby, Inc.*, 707 F.2d 1493, 1498 (D.C. Cir. 1983); *see also S. Pac. Commc'ns Co. v. AT&T*, 740 F.2d 1011, 1018 (D.C. Cir. 1984) ("[T]he federal rule and the rule in this circuit is that collateral estoppel may be applied to a trial court finding even while the judgment is pending on appeal.").

There can be little doubt that the issues decided in the Colorado proceeding—whether the defendants violated the First Amendment and whether they are entitled to qualified immunity—are present in this case. As Plaintiffs explained in their Motion to Lift Stay filed in this action:

> This case challenges a policy adopted by the White House Office of Presidential Advance during the George W. Bush administration that prohibited people opposed to the President's policies from attending official presidential speaking events. In the instant case, plaintiffs Leslie Weise and Alex Young were forcibly ejected from one of President Bush's speeches because they arrived in a car bearing a bumper sticker reading "No More Blood For Oil." *Plaintiffs allege that the White House Policy, and their ejection from the President's speech pursuant to that policy, constituted unconstitutional viewpoint discrimination in violation of the First Amendment.*

Dkt. No. 26 at 1 (emphasis added). In the Colorado action, Plaintiffs allege that Casper and Klinkerman removed them from the event "solely because of defendants' perception that plaintiffs' viewpoint on public issues would differ from the President's viewpoint." Dkt. No. 10-3 at 1-2. Casper is identified in the Amended Complaint filed in this action as the person who removed Plaintiffs from the presidential event. *See* Amen. Compl. ¶¶ 16-19. Plaintiffs' Amended Complaint alleges that their "ejection . . . was done at the direction of and pursuant to the policies adopted and implemented by the Defendants [Jenkins and Beyer] in the District of Columbia." Am. Compl. ¶ 25; *see also id.* ¶ 26 ("The exclusion of Plaintiffs was taken pursuant to a national policy adopted by the Defendants . . .").

Plaintiffs' action in Colorado against Casper and Klinkerman and their action here against Jenkins and Beyer both present the same questions—did Plaintiffs' removal from the event violate the First Amendment and does qualified immunity protect the defendants from liability? If Casper and Klinkerman did not violate the First Amendment, then it necessarily follows that the Defendants in this action did not violate the First Amendment. Likewise, if Casper and Klinkerman are entitled to qualified immunity, it necessarily follows that the Defendants in this action are entitled to qualified immunity. Indeed, Plaintiffs admit as much in the motion for Rule 54(b) certification filed in Colorado, where they admit that an affirmance of the district court's decision would "necessarily" entitle former White House employees Atkiss and O'Keefe to judgment. *See Weise v. Casper*, No. 05-cv-2355, Dkt. No. 113 at 3.

The circumstances of the Colorado proceeding satisfy the requisite elements for giving the Colorado courts' decisions preclusive effect in this case. The issues of whether Plaintiff's removal from the presidential event violated the First Amendment and whether qualified immunity protects the defendants in that case from liability were "contested by the parties and submitted for determination by the court" on motions to dismiss filed by defendants Casper and Klinkerman. *Otherson*, 711 F.2d at 273. Plaintiffs and those defendants fully briefed whether removing Plaintiffs from the presidential event violated the First Amendment and whether the defendants were entitled to qualified immunity. The district court in Colorado "actually and necessarily determined" both of these issues when it ruled on the motions to dismiss, and the Tenth Circuit "actually and necessarily determined" the qualified immunity question when it upheld the district court's decision. *Id.* Finally, the Plaintiffs had every "incentive to litigate" in the Colorado proceedings, thus no unfairness would result from giving the Colorado decision

preclusive effect. *Id.* For these reasons, dismissal of this action on the ground of issue preclusion is warranted.

      **B.    The Proceedings in Colorado Require Dismissal of This Action Based on Qualified Immunity.**

Separate and apart from the doctrine of issue preclusion, the Colorado proceeding dictates a conclusion in this case that the First Amendment right Plaintiffs assert is not clearly established and therefore Defendant Jenkins is entitled to qualified immunity. Where a right is not clearly established "in light of the specific context of the case," a defendant is entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001), *overruled in part on other grounds by Pearson v. Callahan*, 129 S.Ct. 808 (2009). This is precisely what the Tenth Circuit held in *Weise v. Casper*: "no specific authority instructs this court (let alone a reasonable public official) how to treat the ejection of a silent attendee from an official speech based on the attendee's protected expression outside the speech area." 2010 WL 293798, at *6. As the defendants in the Colorado action were allegedly enforcing a policy authored by Defendant Jenkins, the fact that they are entitled to qualified immunity also entitles Jenkins to qualified immunity. As already explained, Plaintiffs have conceded as much in the Colorado action where they stated that an affirmance of the district court's decision would "necessarily" entitle former White House employees Atkiss and O'Keefe to judgment. *See Weise v. Casper*, No. 05-cv-2355, Dkt. No. 113 at 3. The collective White House defendants—Atkiss, O'Keefe, Jenkins and Beyer—are similarly situated in that none of them directly interacted with the Plaintiffs. Rather, in both lawsuits, Atkiss and O'Keefe are alleged to have instructed Casper to ask Plaintiffs to leave the presidential event in accordance with White House policy allegedly set by Defendants

Jenkins and Beyer. Dkt. No. 10-2 ¶¶ 26, 29; Amen. Compl. ¶¶ 24-26.[4] Based on the alleged roles played by the various White House defendants, the affirmance by the Tenth Circuit not only "necessarily" means that Atkiss and O'Keefe are "entitled to judgment," but also that Defendant Jenkins (and Defendant Beyer) are "necessarily" be entitled to judgment. In other words, if the persons who actually removed Plaintiffs are entitled to qualified immunity, then *a fortiori* the Defendants in this suit whose alleged conduct purportedly led to the removal are entitled to qualified immunity.

Moreover, the differing views of the federal judges who have examined this case show that Jenkins is entitled to qualified immunity. The Supreme Court has made clear that where judges disagree on a constitutional question, government officials are entitled to qualified immunity. *See Wilson v. Layne*, 526 U.S. 603, 618 (1999) ("If judges [] disagree on a constitutional question, it is unfair to subject [government officials] to money damages for picking the losing side of the controversy."); *Pearson v. Callahan*, 129 S.Ct. 808, 823 (2009) ("[W]here the divergence of views on the [constitutional issue] was created by the decision of the Court of Appeals in this case, it is improper to subject petitioners to money damages for their conduct."); *see also Sheets v. Moore*, 97 F.3d 164, 168 (6th Cir. 1996) ("If federal district judges could reasonably disagree over the constitutionality of the regulation, then it can fairly be said that a reasonable official would not have known that his conduct violated a clearly established right."). Four judges in Colorado have reviewed the facts of this case and reached three different

---

[4] Atkiss and O'Keefe are identified in the Amended Complaint filed in this action at paragraph 18, where Plaintiff alleges that "Mr. Casper consulted with two-full time employees of the White House Office of Presidential Advance" and "[t]hey jointly told Mr. Casper to require Plaintiffs Weise and Young to leave the event."

results. The district court judge held that defendants Casper and Klinkerman did not violate the First Amendment at all. Two circuit court judges declined to reach the First Amendment question, but held that the law did not clearly establish the First Amendment right Plaintiffs' assert. A third circuit court judge held that the defendants violated a clearly established First Amendment right. Such multifarious views by four different federal judges lead ineluctably to the conclusion that the First Amendment right Plaintiffs assert was not clearly established on March 21, 2005. Accordingly, Defendant Jenkins is entitled to qualified immunity.

## CONCLUSION

The decisions by the U.S. District Court for the District of Colorado and the Tenth Circuit Court of Appeals in *Weise v. Casper* resolved the same issues presented in this action. Accordingly, this action should be dismissed under the doctrine of issue preclusion. Additionally, Defendant Jenkins is entitled to qualified immunity in this case because the law did not clearly establish the First Amendment right that Plaintiffs assert.

Dated: February 4, 2010   Respectfully submitted,

TONY WEST
Assistant Attorney General

ANN RAVEL
Deputy Assistant Attorney General

TIMOTHY P. GARREN
Director
Torts Branch, Civil Division

　　　/s/
J. MARCUS MEEKS (D.C. Bar No. 472072)
MEGAN L. ROSE (D.C. Bar No. 495258)
Trial Attorneys
UNITED STATES DEPARTMENT OF JUSTICE
Torts Branch, Civil Division
P. O. Box 7146, Ben Franklin Sta.
Washington, D.C. 20044
(202) 616-4176 (voice)
(202) 616-4314 (fax)

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 4, 2010, I caused a copy of the foregoing to be served upon counsel of record via ECF as follows:

>Christopher A. Hansen
>American Civil Liberties Union Foundation
>125 Broad St., 18th Floor
>New York, NY 10004
>chansen@aclu.org
>ccrump@aclu.org
>
>Arthur B. Spitzer
>American Civil Liberties Union
>1400 20th Street, NW, Suite 119
>Washington, DC 20036
>ArtSpitzer@aol.com
>
>*Counsel for Plaintiffs*
>
>
>Paul L. Knight
>O'Connor & Hannan, LLP
>1666 K Street NW, Suite 500
>Washington, DC 20006
>pknight@nossaman.com
>
>Marc S. Raspanti
>Sarah R. Lavelle
>Pietragallo Gordon Alfano Bosick & Raspanti LLP
>1818 Market Street, Suite 3402
>Philadelphia, PA 19103
>msr@pietragallo.com
>srl@pietragallo.com
>
>*Counsel for Defendant Beyer*

                                                                  /s/
                                                     J. Marcus Meeks